# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-722V
UNPUBLISHED

|  |  |
|---|---|
| GERALD JANSEN,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Chief Special Master Corcoran<br><br>Filed: August 16, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Lawrence R. Cohan*, Anapol Weiss, Philadelphia, PA, for Petitioner.

*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On May 22, 2018, Gerald Jansen filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome (GBS) after receiving the influenza (flu) vaccination on October 12, 2016. Petition at ¶¶ 1. Petitioner further alleges that he received the flu vaccination in the United States, he suffered from the residual effects of his injury for more than six months, and that he has never received any compensation in the form of award or settlement for his vaccine-related injuries. Petition at 1, 6. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 29, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On August 9, 2021, Respondent filed a proffer on award of

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation ("Proffer") indicating Petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Proffer at 1-2.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following compensation:**

1. **A lump sum payment of $914,085.55, representing compensation for life care expenses expected to be incurred during the first year after judgment ($110,928.04), pain and suffering ($250,000.00), and past unreimbursable expenses ($553,157.51), in the form of a check payable to Petitioner, Gerald Jansen.**

2. **An amount sufficient to purchase an annuity contract, subject to the conditions described in the Proffer, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, beginning with compensation for Year Two (on the first anniversary of the date of the judgment) and all subsequent years, paid to the life insurance company from which the annuity will be purchased.**

This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| GERALD JANSEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 18-722V |
| v. ) | Chief Special Master Brian H. Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On April 26, 2019, respondent filed his Rule 4(c) Report, in which he recommended that the Court find petitioner entitled to compensation, and on April 29, 2019, the Court entered its Ruling on Entitlement, finding petitioner entitled to compensation. *See* ECF Nos. 22, 23. Specifically, based on respondent's recommendation, the Court found petitioner entitled to compensation for Guillain-Barré syndrome and related sequelae that he sustained following the administration of an influenza vaccination on October 12, 2016, and that petitioner's claim satisfies the requirements necessary to qualify as a Table injury under the Vaccine Injury Table. 42 U.S.C. § 300aa-14(a)(XIV)(D), (c)(15). *See* ECF No. 23. Respondent now proffers that petitioner receive an award as follows:

**I.     Items of Compensation**

    **A.     Life Care Items**

Respondent engaged life care planner Laura Fox, MSN, BSN, RN, and petitioner engaged life care planner Roberta Hurley, to provide an estimation of petitioner's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report. All items of compensation identified in the life care plan

are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Gerald Jansen, attached hereto as Tab A.  Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

      B.     <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $250,000.00 in actual pain and suffering.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

      C.     <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $553,157.51.  Petitioner agrees.

**II.**     **<u>Form of the Award</u>**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[1]

A.  A lump sum payment of $914,085.55, representing compensation for life care expenses expected to be incurred during the first year after judgment ($110,928.04), pain and suffering ($250,000.00), and past unreimbursable expenses ($553,157.51) in the form of a check payable to petitioner, Gerald Jansen.

B.  An amount sufficient to purchase an annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan,

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[3] from which the annuity will be purchased.[4] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Gerald Jansen, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.    <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

judgment for all items, compounded annually from the date of judgment for medical items. Petitioner agrees.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Gerald Jansen, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Gerald Jansen's death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.    Summary of Recommended Payments Following Judgment[5]**

    A.    Lump Sum paid to petitioner, Gerald Jansen:    **$914,085.55**

    B.    An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

---

[5] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

<u>s/ RYAN D. PYLES</u>
RYAN D. PYLES
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-9847
ryan.pyles@usdoj.gov

DATED: August 9, 2021

**Appendix A:  Items of Compensation for Gerald Jansen**

| ITEMS OF COMPENSATION | G.R | * | M | Lump Sum Compensation Year 1 2021 | Compensation Years 2-5 2022-2025 | Compensation Year 6 2026 | Compensation Years 7-Life 2027-Life |
|---|---|---|---|---|---|---|---|
| PCP | 4% | * | | | | | |
| Podiatrist | 4% | * | | | | | |
| Neurologist | 4% | * | | | | | |
| Psychiatry | 4% | * | | | | | |
| Cigna Medicare Rx | 4% | | M | 1,069.48 | 1,069.48 | 1,069.48 | 1,069.48 |
| Antimicrobial Gel | 4% | | | 190.44 | 190.44 | 190.44 | 190.44 |
| Skin Protectant Paste | 4% | | | 95.94 | 95.94 | 95.94 | 95.94 |
| Antifungal Powder | 4% | | | 70.14 | 70.14 | 70.14 | 70.14 |
| Dulcolax Suppositories | 4% | | | 68.92 | 68.92 | 68.92 | 68.92 |
| Power Standing Wheelchair | 4% | * | | | | | |
| Shower Chair Commode | 4% | | | 300.89 | 60.18 | 60.18 | 60.18 |
| Ankle Boot | 4% | * | | | | | |
| Foot Brace | 4% | * | | | | | |
| Leather Golf Glove | 4% | | | 17.95 | 17.95 | 17.95 | 17.95 |
| Hoyer Lift | 4% | * | | | | | |
| Lift Sling | 4% | * | | 284.00 | 284.00 | 284.00 | 284.00 |
| Mesh Sling | 4% | * | | 290.00 | 290.00 | 290.00 | 290.00 |
| Adaptive Clothing | 4% | | | 150.00 | 150.00 | 150.00 | 150.00 |
| WC Comm Device Holder | 4% | | | 120.00 | 24.00 | 24.00 | 24.00 |
| Head Pointer | 4% | | | 139.00 | 27.80 | 27.80 | 27.80 |
| Foam Wedge | 4% | | | 45.99 | 23.00 | 23.00 | 23.00 |
| Compression Gloves | 4% | | | 19.98 | 9.99 | 9.99 | 9.99 |
| Bed Pads | 4% | | | 132.79 | 132.79 | 132.79 | 132.79 |
| Dude Wipes | 4% | | | 23.84 | 23.84 | 23.84 | 23.84 |
| Gloves | 4% | | | 78.40 | 78.40 | 78.40 | 78.40 |
| Urinal | 4% | | | 95.28 | 95.28 | 95.28 | 95.28 |
| Nebulizer | 4% | * | | | | | |
| Nebulizer Masks | 4% | * | | | | | |
| OT/ PT | 4% | * | | | | | |
| Home Care | 4% | | M | 105,040.00 | 105,040.00 | 105,040.00 | 105,040.00 |
| Modified Van | 4% | | | | | 44,916.00 | |
| Stair Lift | 4% | | | 2,695.00 | | | |
| Pain and Suffering | | | | 250,000.00 | | | |
| Past Unreimbursable Expenses | | | | 553,157.51 | | | |
| Annual Totals | | | | 914,085.55 | 107,752.15 | 152,668.15 | 107,752.15 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($110,928.04), pain and suffering ($250,000.00), and past unreimbursable expenses ($553,157.51): 914,085.55.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.